## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                 No. CR 09-3078 JB

LORRAINE MARTINEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing/Dispositive Memorandum, filed September 1, 2011 (Doc. 363)("Sentencing Memorandum"). The Court held a sentencing hearing on September 30, 2011. The primary issue is whether the Court should depart downward on Defendant Lorraine Martinez' sentence under U.S.S.G. § 5H1.6 based on Martinez' family ties and responsibilities. Because the Court believes that the applicable factors in U.S.S.G. § 5H1.6 weigh in favor of a downward departure, the Court will depart downward on Martinez' offense level 8 levels.

## PROCEDURAL BACKGROUND

Martinez, pursuant to a Plea Agreement, filed June 8, 2011 (Doc. 320), pled guilty to Count 1 and Count 47 of the Superseding Indictment, filed April 27, 2010 (Doc. 62). Count 1 charges her with a violation of 21 U.S.C. § 846, that being conspiracy to distribute methamphetamine. Count 47 charges her with a violation of 21 U.S.C. § 843(b), that being use of a telephone to facilitate a drug trafficking offense. The Plea Agreement stipulates that Martinez was a minor participant in the criminal activity at issue under U.S.S.G. § 3B1.2. <u>See</u> Plea Agreement ¶ 9, at 4. The Plea Agreement stipulates to a 3-level reduction in Martinez' offense level under U.S.S.G. § 3E1.1 for

acceptance of responsibility "so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct." Plea Agreement ¶ 9, at 4.  Pursuant to the Plea Agreement, Martinez is precluded from seeking any downward departure or variance in her sentence.  See Plea Agreement ¶ 9, at 5.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Martinez on August 25, 2011.  In the PSR, the USPO calculates Martinez' total offense level to be 19.  See PSR ¶ 252, at 40.  The PSR calculates a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7).  See PSR ¶ 245, at 39.  The PSR includes a 2-level reduction under U.S.S.G § 2D1.1(b)(16) based on Martinez meeting certain criteria under U.S.S.G. § 5C1.2(1)-(5) by providing certain information regarding the offenses at issue.  See PSR ¶ 246, at 39.  The PSR includes a 2-level reduction under U.S.S.G. § 3B1.2(b) based on Martinez' status as a minor participant in the criminal activity at issue.  See PSR ¶ 248, at 40.  The USPO agrees with the parties that there is a factual basis for the application of this 2-level reduction.  See PSR ¶ 248, at 40.  The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Martinez' acceptance of responsibility.  See PSR ¶ 251, at 40.  The PSR lists her criminal history category as I, based on 0 criminal history points.  See PSR ¶ 255, at 40.  The PSR calculates that an offense level of 19 and a criminal history category of I results in a guideline imprisonment range of 30 to 37 months.  See PSR ¶ 302, at 52.  The USPO recommends that the Court consider a downward departure under U.S.S.G. § 5H1.6 based on Martinez' family ties and responsibilities.  See PSR ¶ 324, at 56.  The PSR explains that, while these considerations are not usually relevant in determining the appropriateness of a departure, there is an exception when the "defendant's service of sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family."  PSR ¶ 324, at 56.  The PSR

-2-

notes that Martinez "is a single mother and sole provider for her two children ages 18 and 10 and her grandson, age seven months."  PSR ¶ 325, at 56.  The PSR indicates that Martinez' eighteen-year old daughter suffers from serious heart conditions and that the grandson also suffers from similar serious heart conditions.  See PSR ¶ 325, at 56.  The PSR also notes that the grandson is "developmentally delayed and will require one-on-one professional attention to recover from his delays."  PSR ¶ 325, at 56.  The PSR states that the father of Martinez' children "is an alcoholic and unable to provide appropriate supervision for the children."  PSR ¶ 325, at 56-57.  It asserts that the children have limited contact with their father, and that another adult must generally be present when he is around, because he is known to be violent when he becomes intoxicated.  See PSR ¶ 325, at 57.  The PSR states that Martinez has no family who live nearby, as they all live between Oregon and California.  See PSR ¶ 325, at 57.  The PSR concludes that, "[n]ot only would the defendant's family be affected by her incarceration, but [her daughter and grandson's] health may be placed in jeopardy, as neither are able to care for themselves and require frequent medical attention."  PSR ¶ 325, at 57.  On September 29, 2011, the USPO disclosed an Addendum to the PSR to address certain information regarding Martinez' continued sobriety.  There being no disputes about the factual findings in the PSR, the Court adopts them as its own.

On September 1, 2011, Martinez filed her Sentencing Memorandum.  She did not raise any objections to the PSR.  See Sentencing Memorandum at 2.  She directs the Court to the USPO's conclusion that she should receive a downward departure under U.S.S.G. § 5H1.6 based on her family circumstances.  See Sentencing Memorandum at 2.  She emphasizes that a court should impose a sentence that is sufficient, but not greater than necessary, to accomplish the factors set out in 18 U.S.C. § 3553(a).  See Sentencing Memorandum at 3.  She reiterates her personal circumstances that the USPO addresses, including that the father of her children is an alcoholic who

-3-

cannot properly supervise children based on his condition.  See Sentencing Memorandum at 3.  She notes that she became addicted to methamphetamine when her relationship with this man became bad, as he would frequently abuse her physically and emotionally.  See Sentencing Memorandum at 4.  She asserts that she engaged in selling methamphetamine to support her personal methamphetamine habit.  See Sentencing Memorandum at 4.  She states that she has been diagnosed with "Major Depressive Disorder, Single Episode, Generalized Anxiety Disorder and Amphetamine Dependence."  Sentencing Memorandum at 4.  Martinez notes that her eighteen-year old daughter suffers from fibromyalgia,[1] and that this condition sometimes completely incapacitates her.  See Sentencing Memorandum at 5.  She asserts that her eighteen-year old daughter is also under psychiatric care, as she attempted suicide a few months ago.  See Sentencing Memorandum at 5.  Martinez notes that her grandson has required several blood transfusions because, at a young age, he would stop breathing when he was not forming red blood cells.  See Sentencing Memorandum at 6.  She states that her grandson has surgery scheduled in January 2012 to attempt to alleviate some of his heart conditions.  See Sentencing Memorandum at 6.  She contends that her life has improved significantly now that she is no longer around the father of her children.  See Sentencing Memorandum at 6-7.  She notes that she has had a good record of abstaining from methamphetamine use since the time of her release.  See Sentencing Memorandum at 6-9.  She contends that incarceration is not an appropriate sentence for her offenses.  See Sentencing Memorandum at 8-10.  She, thus, requests that the Court sentence her to a term of probation.  See Sentencing Memorandum at 10.  Plaintiff United States of America did not file a written response to Martinez' Sentencing Memorandum.

---

[1]Fibromyalgia is "[a] common syndrome of chronic widespread soft-tissue pain accompanied by weakness, fatigue, and sleep disturbances."  Stedman's Medical Dictionary 725 (28th ed. 2006).

At the sentencing hearing on September 30, 2011, the Court asked the parties to provide some factual support for their stipulation that Martinez was a minor participant in the underlying criminal activity under U.S.S.G. § 3B1.2(b). <u>See</u> Transcript of Hearing at 2:15-20 (taken September 30, 2011)(Court)("Tr.").[2]   The United States asserted that another individual was the primary organizer of this criminal enterprise, and that he served as the owner and director of the operation. <u>See</u> Tr. at 2:21-3:2 (Stanford).  The United States noted that many of the people in the organization were far removed from the operation's inner workings, as they were no more than low-level sellers of methamphetamine. <u>See</u> Tr. at 3:3-10 (Stanford).  The United States contended that, while Martinez was slightly more involved in the organization than some of the lowest-level participants, she did little more than collect money for the leader and advise him on some business matters. <u>See</u> Tr. at 3:11-4:14 (Stanford).  The United States emphasized that Martinez had no role in acquiring and distributing methamphetamine. <u>See</u> Tr. at 4:5-7 (Stanford).  The Court asked how significant it is that Martinez had more drugs in her possession than some of the other co-Defendants in this case. <u>See</u> Tr. at 4:24-5:3 (Court).  The United States asserted that she had a larger amount of drugs, because the organization's leader trusted her more than some of the other participants in the criminal enterprise. <u>See</u> Tr. at 5:4-16 (Stanford).  Martinez agreed with the United States' characterization of her role. <u>See</u> Tr. at 5:22-6:4 (Alarid).  The Court then accepted the parties' stipulation as to the minor role adjustment. <u>See</u> Tr. at 6:8-15 (Court).  The parties then agreed to the Court reducing Martinez' offense level a third level for acceptance of responsibility. <u>See</u> Tr. at 6:16-23 (Court, Stanford, Alarid).

The Court then inquired what the United States' position was regarding the USPO's

---

[2]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

recommendation for a departure under U.S.S.G. § 5H1.6 based on family ties and responsibilities. <u>See</u> Tr. at 7:10-15 (Court). The United States noted that Martinez would likely receive a higher sentence than some of the other participants in this criminal enterprise in the absence of a departure. <u>See</u> Tr. at 7:16-8:1 (Stanford). The United States asserted that, based on information Martinez provided to the United States and the USPO, the United States agreed with the USPO's assessment of the appropriateness for a departure. <u>See</u> Tr. at 8:1-20 (Stanford). Martinez also agreed with the USPO's recommendation, stating that the recommendation accurately reflects her family circumstances. <u>See</u> Tr. at 8:25-10:3 (Alarid). The United States recommended that Martinez receive 3- to 5-years supervised release. <u>See</u> Tr. at 10:15-17 (Stanford). The Court noted that there was a mandatory minimum of 3-years supervised release. <u>See</u> Tr. at 11:5-7 (Court). Martinez agreed to that potential range of supervised release. <u>See</u> Tr. at 11:12-14 (Martinez).

## LAW REGARDING U.S.S.G. § 5H1.6

U.S.S.G. § 5H1.6 provides that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. The application note to this guideline recognizes that a court should consider the following factors when deciding whether to grant a departure under this guideline:

(A)     In determining whether a departure is warranted under this policy statement, the court shall consider the following non-exhaustive list of circumstances:

    (i)     The seriousness of the offense.

    (ii)     The involvement in the offense, if any, of members of the defendant's family.

    (iii)     The danger, if any, to members of the defendant's family as a result of the offense.

(B)     . . . A departure under this policy statement based on the loss of caretaking or financial support of the defendant's family requires, in addition to the

court's consideration of the non-exhaustive list of circumstances in subdivision (A), the presence of the following circumstances:

(i)     The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.

(ii)    The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant.  For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration.

(iii)   The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.

(iv)    The departure effectively will address the loss of caretaking or financial support.

U.S.S.G. § 5H1.6 cmt. n.1.  This guideline provision is a policy statement.  See United States v. Medina-Rodriguez, 348 F.App'x 396, 398 n.3 (10th Cir. 2009)(unpublished).  A district court may also rely on the existence of family ties and responsibilities in varying downward on a defendant's sentence.  See United States v. Munoz-Nava, 524 F.3d 1137, 1148 (10th Cir. 2008).

## ANALYSIS

The Court has accepted the parties' stipulation to a 2-level reduction in Martinez' offense level under U.S.S.G. § 3B1.2(b) based on Martinez' role as a minor participant in the underlying criminal activity.  The Court has also accepted the parties' stipulation to a total of a 3-level reduction in Martinez' offense level U.S.S.G. § 3E1.1 for acceptance of responsibility.  Applying those reductions yields an offense level of 19.  An offense level of 19 and a criminal history category of I results in a guideline imprisonment range of 30 to 37 months.

The Court has carefully considered the parties' arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  The Court believes that the punishment that the guidelines set forth is not appropriate for Martinez' offenses.  The Court agrees with the parties and the USPO that a downward departure under U.S.S.G. § 5H1.6 based on Martinez' family ties and responsibilities is appropriate in this case.  The Court will depart downward 8 levels on Martinez' offense level so that she is eligible for probation.  An offense level of 11 and a criminal history category I results in a guideline imprisonment range of 8 to 14 months.  That sentencing range places Martinez in Zone B of the guidelines table. <u>See</u> U.S.S.G. § 5B1.1(a)(2).  Releasing a defendant without imprisonment when they have a sentencing range within Zone B requires, under the guidelines, a special condition of home confinement.  <u>See</u> U.S.S.G. § 5B1.1(a)(2) (authorizing a district court to impose probation when "the applicable guideline range is in Zone B of the Sentencing Table and the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of § 5C1.1").  While the Court does not believe further incarceration is appropriate, to try to approximate the guideline imprisonment range as much as possible, the Court will keep Martinez on electronic monitoring for 8 months.  The Court will sentence Martinez to a sentence of 5-days imprisonment or time served, whichever is less, and 5-years supervised release for Count 1.  The Court will sentence Martinez to a sentence of time served or 5-days imprisonment, whichever is less, and 1-year supervised release for Count 47. These sentences will run concurrently.  As a condition of supervised release, the Court will impose location monitoring on Martinez' with radio frequency technology under the curfew component of the location monitoring program for 8 months.

The Court recognizes that "family ties and responsibilities are not ordinarily relevant in

determining whether a departure may be warranted." U.S.S.G. § 5H1.6. The Court believes, however, that the factors discussed in the application note to U.S.S.G. § 5H1.6 counsel in favor of a departure in this case. First, while the offense is not a minor offense, the particular conduct Martinez has engaged in is not particularly culpable in comparison to the leader of the criminal organization involved in the distribution of methamphetamine. Additionally, Martinez is not significantly more culpable than any of her co-Defendants. Second, nothing in the PSR indicates that any of Martinez' family was involved in this criminal operation. See PSR ¶¶ 262-266, at 43-45. Third, the United States has not put forward any evidence and the USPO has not indicated that Martinez engaging in the conduct underlying her offenses resulted in any danger to her family members.

There are four additional factors a court must consider when addressing a departure for the loss of caretaking or financial support to the defendant's family. First, the Court believes that a guideline sentence will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to Martinez' family. The USPO and Martinez have identified three family members who require her support -- her eighteen-year old daughter, her ten-year old son, and her grandson. Importantly, both the daughter and the grandson have serious heart problems, and the eighteen-year old daughter requires significant care and cannot function independently without some assistance. The daughter has recently attempted to commit suicide and suffers from fibromyalgia, which can be completely debilitating. The grandson also has developmental problems. The grandson will undergo heart surgery in January 2012. Second, the loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for similarly situated defendants. The Court has seen few defendants with dependents suffering from the same level of health problems as Martinez' dependents. The Court believes that the harm these family members

would suffer if Martinez faced incarceration would be substantially greater than typical family members in other cases.   Third, there is no reasonable method to alleviate the loss of Martinez' caretaking or financial support with effective remedial or ameliorative programs, which makes her caretaking or financial support irreplaceable to her family.   The father of her children is an abusive alcoholic who cannot properly supervise children.   Additionally, Martinez has no family members in the New Mexico area.   While placing the minor children in government custody would be a possible option, the Court does not believe that this choice is an effective remedial or ameliorative program under the circumstances -- particularly given the grandson's health problems.   Fourth, a departure to the requested sentence will effectively address the loss of caretaking or financial support.   If Martinez does not have to serve any additional time in incarceration, she will be able to take care of her family members.   Her progress in abstaining from methamphetamine use encourages the Court that she will be able to fulfill these duties.

The Court is very cautious to not disproportionately sentence men to prison -- who also plead that their family needs them -- and then let mothers serve no time in prison.   Punishment based solely on the defendant's sex or their family role would be unfair and not just.   The Court tries to require mothers to exhaust all alternatives for their families before the Court begins to seriously consider a sentence without imprisonment.   In this case, the Court believes the record does not present sound alternatives for these children other than allowing Martinez to return home.

Under the circumstances of this case, this sentence adequately reflects the seriousness of the offenses, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). The sentence is sufficient to impress upon Martinez the seriousness of what she has done, and she is now a felon.   Anyone familiar with the facts of this case would know that the Court is treating the

offense as a serious one, but also that the Court is sensitive to the facts of the case. Observers

knowing all of the facts -- including Martinez -- would understand the Court's decision in this case.

And perhaps most important, the sentence provides a just punishment, and certainly a more just one

than the advisory guideline range would, as that range includes incarceration. The Court does not

believe that it is necessary to specifically deter Martinez from future criminal conduct, as she

appears to have learned her lesson well. Anyone else who needs to be deterred would understand

that he or she would likely receive a much longer sentence than Martinez. The Court does not

believe it needs to incarcerate Martinez to protect the public. The Court believes it is best to move

her as quickly as possible to supervised release so as to provide her with the education, help, and

care that will help her overcome -- once and for all -- her drug addiction.

While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to

come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500

F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.

Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary,

to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this

sentence is reasonable -- certainly more so than the advisory guideline range -- and adequately

reflects the factors in 18 U.S.C. § 3553(a). And perhaps most important in this calculation, the

Court believes that this sentence is sufficient without being greater than necessary to comply with

the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No.

98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences

Martinez to a sentence of 5-days imprisonment or time served, whichever is less, and 5-years

supervised release for Count 1. The Court sentences Martinez to a sentence of 5-days imprisonment

or time served, whichever is less, and 1-year supervised release for Count 47. These sentences will

run concurrently.  As a condition of supervised release, the Court will impose location monitoring on Martinez' with radio frequency technology under the curfew component of the location monitoring program for 8 months.

IT IS ORDERED that the request for a downward departure contained in the Defendant's Sentencing/Dispositive Memorandum, filed September 1, 2011 (Doc. 363), is granted.  The Court will depart downward 8 levels on Defendant Lorraine Martinez' offense level.  The Court will sentence Martinez to a sentence of 5-days imprisonment or time served, whichever is less, and 5-years supervised release.  As a condition of supervised release, the Court will impose location monitoring on Martinez' with radio frequency technology under the curfew component of the location monitoring program for 8 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jon K. Stanford
  Assistant United States Attorney
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Michael Alarid, Jr.
Michael Alarid, Jr. & Associates
Albuquerque, New Mexico

  *Attorneys for the Defendant*

-12-